UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WADIE MOORE, JR.,

    Plaintiff,

-vs-                                                    Case No.  8:11-cv-929-T-30AEP

JIM COATS, et al.,

    Defendants.
_____/

## ORDER

Plaintiff is a prisoner confined at Pinellas County Jail, Clearwater, Florida. He initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Dkt. 2).[1]

The complaint names Pinellas County Sheriff Jim Coats and three other officers with the Pinellas County Sheriff's Department as Defendants in this action. Because Plaintiff is seeking redress from governmental officers, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

    (a)    Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] The motion to proceed *in forma pauperis* will be addressed by separate order.

(b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee. The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*. *See id.* The Court finds, for reasons set forth *infra*, that the complaint should be dismissed with leave to amend pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted against some of the Defendants. *See also* 28 U.S.C. § 1915(e) (pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims "if the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune form such relief.").

## Discussion

Plaintiff's complaint alleges that on September 2, 2010, Defendants Antinelli, Seymour, and Wright came to the prisoner housing area to move Plaintiff to administrative confinement. These defendants "pull[ed] out their tasers to shoot" Plaintiff. To protect himself from the tasers, Plaintiff grabbed another prisoner and held him in front of Plaintiff. Plaintiff was holding a razor in his hand. He told the officers that he would release the other

2

prisoner if they put away their tasers. The officers put away their tasers. Plaintiff dropped the razor and went down to the ground on his stomach pursuant to the Defendants' orders.

Defendants Antinelli and Seymour and another officer jumped on Plaintiff. Defendant Seymour grabbed Plaintiff's head and banged it on the floor three times, causing a cut over Plaintiff's left eye. Defendant Antinelli grabbed Plaintiff's right elbow and twisted it, causing an injured tendon and chipped bone.

Plaintiff was taken to the jail's medical department where he refused medical attention. Plaintiff was placed in a restraining chair and taken to the clinic. Plaintiff remained there for approximately 20 minutes during which time he was bleeding. A doctor came to examine Plaintiff. The doctor ordered Plaintiff to be transported to the hospital. At the hospital Plaintiff received three stitches over his eye. He also received a CT-scan of his head. Finally, an x-ray of his right elbow revealed a chipped bone and swollen tendons.

Plaintiff asserts that Defendants used excessive force in violation of the Fifth and Fourteenth Amendments. As relief, Plaintiff seeks compensatory and punitive damages. He also requests an order directing the Sheriff to terminate Defendants Wright, Antinelli, and Seymour's employment.

**Analysis**

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to

prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as *de facto* counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action.*" GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also, Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

A dismissal under § 1915A is governed by the same standard as a dismissal under Fed. R. Civ. P. 12(b)(6). *Cf. Mitchell v. Farcass*, 112 F.3d 1483, 1489-90 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Court. 1937, 1949 (2009).

**Claim Against Defendant Coats**

It appears Plaintiff attempts to hold Defendant Coats, the Sheriff of Pinellas County, responsible for his employees' actions. There is, however, no respondeat superior liability under § 1983. *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995). "Respondeat superior imputes to a county sheriff no liability under Section 1983 for injury caused by the sheriff's employees." *Greer v. Hillsborough County Sheriff's Office*, 2006 U.S. Dist. LEXIS 62081, 2006 WL 2535050, *3 (M.D. Fla. 2006) (citing *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 691 (1978) (finding that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents")). Only a municipality's maintaining an

unconstitutional custom or policy creates municipal liability. *Monell*, 436 U.S. at 690-91, 698.

In this instance, Plaintiff improperly attempts to impute to the Sheriff the alleged conduct of Wright, Antinelli, and Seymour. The complaint fails to provide sufficient factual allegations in support of the Section 1983 claim against the Sheriff. Under *Monell*, the Plaintiff cannot impute the allegedly unconstitutional conduct of Wright, Antinelli, and Seymour to the Sheriff. Accordingly, Plaintiff's claim against Sheriff Coats merits dismissal.

**Claim Against Defendant Wright**

Plaintiff's complaint alleges in pertinent part that Defendant Wright, along with Defendants Antinelli and Seymour, came to the jail's prisoner housing area to move Plaintiff to administrative confinement. Then, these Defendants "pull[ed] out their tasers to shoot" Plaintiff. The complaint further alleges that after Plaintiff released the other prisoner and went down to the ground, Defendants Antinelli and Seymour and another officer jumped on Plaintiff. It is not clear from a reading of the complaint whether the other officer was Defendant Wright. Thereafter, Defendant Seymour grabbed Plaintiff's head and banged it on the floor three times. Defendant Antinelli grabbed Plaintiff's right elbow and twisted it. Thus, the complaint is silent with respect to any force Wright used on Plaintiff.

Further, when an officer observes a purported use of excessive force and, having both the time and ability to intervene, fails to do so, he may be liable for failure to intervene. *See Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986) ("If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an

unprovoked beating takes place in his presence, the officer is directly liable under Section 1983."). The allegations made in the complaint, however, fail to assert sufficient facts indicating that Defendant Wright had both time and ability to intervene.

Accordingly, this Court finds that the complaint does not adequately state a claim against Defendant Wright for excessive use of force or failure to intervene.

### Leave to Amend

Within thirty (30) days, Plaintiff may submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing an amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. **The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint**.

Plaintiff must limit his allegations in his amended complaint to claims related to the alleged excessive use of force on September 2, 2010, and name as Defendants only those persons who are responsible for the alleged constitutional violation. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved

6

in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint. This case number should be written on the form.

3. Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint, submitted on the court form, in compliance with this Order.

4. If Plaintiff fails to file a second amended complaint within 30 days, **the Clerk of Court shall, without further notice, dismiss this action**.

**DONE** and **ORDERED** in Tampa, Florida on May 10, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff

7